IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. BROOKS,

      Plaintiff,                     No. CIV S-07-1686 LEW GGH P

   vs.

SUSAN L. HUBBARD, et al.,

      Defendants.            <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $2.25 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges that defendant Feliciano used excessive force against him. Following this incident, plaintiff was charged with and found guilty of a rules violation for resisting a peace officer. As punishment, plaintiff was denied outdoor exercise for ninety days. When plaintiff filed a grievance regarding these matters, he was charged with another rules violation for false allegation against a peace officer. Plaintiff alleges legal claims for violations of the Eighth Amendment and due process clause of the Fourteenth Amendment, and retaliation.

The complaint states a colorable Eighth Amendment claim for excessive force against defendant Feliciano. Plaintiff alleges that defendants Wright and Street violated the Eighth Amendment by denying him outdoor exercise for ninety days as punishment for resisting a peace officer. These allegations state a colorable Eighth Amendment claim.

Plaintiff alleges that defendant McCloughan, his investigative employee for the disciplinary charges involving defendant Feliciano, did not conduct an adequate investigation. Inmates facing disciplinary charges are entitled to the aid of a staff member if the inmate is illiterate or the issues complex. Wolff v. McDonnell, 418 U.S. 539, 570, 94 S.Ct. 2963 (1974). The charges were not complex and plaintiff is obviously not illiterate. Accordingly, because plaintiff had no due process right to an investigative employee, his claims against defendant McCloughan are without merit.

Plaintiff alleges that defendant Perry did not adequately investigate his administrative appeal regarding the incident involving defendant Feliciano. There is no liberty interest in the processing of administrative appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); see also Mann v. Adams, 855 F.2d 639 (9th Cir. 1988). Accordingly, plaintiff has not stated a colorable due process claim against defendant Perry.

Plaintiff alleges that in response to his administrative grievance, defendant Perry falsely charged plaintiff with false allegations against a peace officer, as a result of which plaintiff was assessed another ninety days of outdoor exercise. Plaintiff alleges that defendant Van Leer found plaintiff guilty of these charges even though they were not supported by

sufficient evidence. These allegations state colorable claims for a First Amendment "access" deprivation or retaliation and for violation of the right to due process against defendants Perry and Van Leer. These allegations also state colorable Eighth Amendment claims against defendant Van Leer.

Plaintiff alleges that at the second level of review, prison officials determined that defendants Wright and Street should not have punished plaintiff by denying him outdoor exercise for ninety days. Plaintiff alleges that because defendant Warden Felker did not immediately instruct his subordinates of this finding, plaintiff was not allowed outdoor exercise for approximately forty-five days. These allegations state a colorable claim for relief against defendant Felker.

Plaintiff alleges that defendant Starcevich moved plaintiff to a new cell, informing plaintiff that his cellmate required the lower bunk. Plaintiff told defendant that he also had a medical need for a lower bunk. After plaintiff refused to move, defendant charged plaintiff with willfully delaying a peace officer in his duties. Defendant then confiscated plaintiff's television and placed him in the Behavior Management Unit. The television was later donated to the institution because plaintiff was reluctant to sign a form to mail it home due to a pending administrative appeal.

Plaintiff's legal claims against defendant Starcevich are not clear. It is unclear if plaintiff is alleging claims based on the disciplinary charges, confiscation of the television, or both. Accordingly, the claims against defendant Starcevich are dismissed with leave to amend.

Plaintiff alleges that defendants Hubbard and Felker were aware of the retaliatory acts or should have been. Plaintiff does not allege how defendants were made aware of the alleged retaliation. Without this information, the court cannot determine whether plaintiff has stated a colorable claim for relief. Accordingly, the claims against these defendants are dismissed with leave to amend.

\\\\\

As indicated above, plaintiff generally alleges that he was retaliated against. The complaint includes no specific allegations to support a retaliation claim against any defendant. Accordingly, the retaliation claims are dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $2.25. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

1  3. Plaintiff's claims against all defendants but for those claims found colorable above as to defendants Feliciano, Wright, Street, Perry, Van Leer and Felker, are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: 12/21/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

br1686.b1