1
2
3
4
5          **IN THE UNITED STATES DISTRICT COURT**
6              **FOR THE DISTRICT OF CALIFORNIA**
7                  **SACRAMENTO DIVISION**
8                         * * *
9    JAMES L BROOKS,                    )
                                        )
10              Plaintiff(s),           )        2:07-CV-01686-RLH-VPC
                                        )
11        vs.                           )           **O R D E R**
                                        )        (Motion to Dismiss–#27)
12   SUSAN L. HUBBARD, *et al.*,        )        (Motion to Stay–#28)
                                        )
13              Defendant(s).           )
     _____)
14

15          Before the Court are Defendants Felker, Peery, and Van Leer's **Motion to Dismiss**

16   (#27, filed October 22, 2008), and **Motion for Stay of Discovery** (#28, also filed October 22,

17   2008).  Plaintiff filed a joint Opposition (#31) to both motions.  Defendants filed a joint Reply

18   (#32).  The Court considers both motions.

19          The Motion to Dismiss will be denied, without prejudice.  The Motion to Stay will

20   be granted with the stay ending with the resolution of the Motion to Dismiss by this Order.

21          The Motion to Stay simply asks for a stay of the Defendants' obligation to respond to

22   discovery until the Motion to Dismiss was resolved in the event that motion was granted.  A

23   dismissal would preclude the necessity of responding to discovery.  It is a reasonable request and

24   does not prejudice the Plaintiff.

25   / / / /

26   / / / /

                                        1

1   The Motion to Dismiss is based on a purported failure of Plaintiff to exhaust the

2   available administrative remedies required before he seeks redress in the courts.  Unfortunately, the

3   Court is not familiar with the intricacies of the grievance process at the institution in question.  Even

4   if it were, in view of the claims of Plaintiff, the Motion to Dismiss does not provide sufficient

5   information for the Court to make a determination, as a matter of law, that Plaintiff has failed in his

6   duty to exhaust his administrative remedies.  The Motion contains conclusions that the grievance

7   process was not pursued to conclusion, or was untimely or duplicative.  In some instances the claim

8   is that no administrative grievance was even filed.

9   The Motion to Dismiss is supported by an affidavit of M. Dangler purporting to

10  establish that no grievances were filed against Defendants Felker, Peery and Van Leer.  However,

11  the affidavit contains a qualifying phrase, "that complied with the regulations governing the

12  grievance process," which raises questions of fact and interpretation of the institution's regulations

13  (not to mention the law) which are not sufficiently answered by the moving papers.  Does that mean

14  that grievances were filed, but disregarded because they did not "qualify" in the minds of the

15  institution, or in the opinion of Felker, Peery or Van Leer?

16  When the allegations concern retaliation for filing grievances, or improper handling

17  of grievance appeals, are grievances required–or even permitted?  Are grievances required when

18  even their requested relief would come too late to be of any benefit?

19  The Court is not finding that Plaintiff exhausted his administrative remedies.  But to

20  find that he did not, there must be a showing not only that a document was not timely filed, but that

21  the necessary administrative remedies were available, that Plaintiff was not inhibited or precluded

22  from pursuing them because of actions by the Defendants.  For example, if a grievance is "screened

23  out," is there any record of that grievance?  Is Plaintiff given notice that it was screened out and

24  given an opportunity to appeal the screening out of his grievance.

25  The Court agrees that Plaintiff must exhaust his administrative remedies, however,

26  he must be given a reasonable opportunity to do so.  From the moving papers, the Court is unable to

2

1  conclude, as a matter of law, that Plaintiff's Complaint against Defendants Felker, Peery and Van

2  Leer should be dismissed for Plaintiff's failure to exhaust his administrative remedies.

3         IT IS THEREFORE ORDERED that Defendants Felker, Peery, and Van Leer's

4  **Motion to Dismiss** (#27) is DENIED.

5         IT IS FURTHER ORDERED that Defendants' **Motion for Stay of Discovery** (#28)

6  is GRANTED, but the stay is lifted on the date this Order is filed.

7         Dated: December 9, 2008.

8

9                   _____

10               **Roger L. Hunt**
                       **Chief United States District Judge**

3